VIRGINIA ARROYO MATIAS, PLAINTIFF-APPELLANT, v. RAMON MATIAS, DEFENDANT-RESPONDENT.

Superior Court of New Jersey
Appellate Division

Argued October 9, 1961—Decided November 6, 1961.

Before Judges CONFORD, FREUND and LABRECQUE.

*Mr. Rocco William Lo Piano* argued the cause for plaintiff-appellant.

No appearance for defendant-respondent.

The opinion of the court was delivered by

FREUND, J. A. D.  Plaintiff appeals from a dismissal of her complaint for divorce on grounds of desertion.  *Matias v. Matias,* 65 *N. J. Super.* 291 (*Ch. Div.* 1960).  The proceeding was uncontested, as is this appeal.

The parties were married in Puerto Rico on June 1, 1948, and lived with the husband's mother there for three years. There were two children born of the marriage.  On October 28, 1951 defendant packed his clothes and said, "I am going to New York."  His wife asked him the reason, and he stated, "Because I don't want to live with you any longer: I leave you and I leave my parents."  While still in Puerto Rico, plaintiff wrote her husband asking him to return, but to no avail.  In 1954, and for three years thereafter, plaintiff lived at the home of her mother and brother in Bayamon, Puerto Rico.  In the same year plaintiff instituted proceedings in a Puerto Rican court, under the Uniform Reciprocal Enforcement of Support Act, and a New York court ordered defendant to pay $10 per week for the support of his family.

On February 8, 1957 plaintiff, with her children, came to live at her sister's home in Hoboken, N. J. and has continued to remain there.  In May 1959 she applied to the Hudson County Juvenile and Domestic Relations Court, apparently under our Uniform Desertion and Nonsupport Act, *N. J. S.* 2A:100–1 *et seq.,* and a New York court again ordered defendant to pay $25 per week for the support of his family. Plaintiff testified that she did not want her husband to leave her.  Since he left her in Puerto Rico, she has never resumed cohabitation with him, nor has he made any attempt to resume living with her.  The wife continues to have custody of their two children.  On April 4, 1960 plaintiff filed her present suit for divorce on the grounds of desertion.

Plaintiff's testimony was corroborated in all respects.

At the conclusion of the hearing, the trial judge stated that the evidence supported the plaintiff's corroborated testimony that defendant had told her to remain in Puerto Rico and not to accompany him to New York; that this was

contrary to her wishes; and that she had implored him to return to Puerto Rico. The judge further stated that "[T]here is no question that the defendant's abandonment is continuous for a period of upwards of nine years." However, he denied the judgment sought for the expressed reason that: "[T]he law of Puerto Rico as to desertion as a ground for divorce is not the same as that of New Jersey. The requirement of our statute that the desertion be willful, obstinate and continuous for two years is absent from their law." It was consequently the court's conclusion that no jurisdiction could be found in the statute relied on by plaintiff, *N. J. S.* 2A:34–10 (2), which reads as follows:

"When, since the cause of action arose, either party has become, and for at least 2 years next preceding the commencement of the action has continued to be, a *bona fide* resident of this state; provided the cause of action alleged was recognized in the jurisdiction in which such party resided at the time the cause of action arose, as a ground for the same relief asked for in the action in this state."

Of the numerous grounds for divorce in Puerto Rico, the one closest to the ground of desertion prescribed in our statute, is 31 *L. P. R. A.* § 321. It provides, among the grounds of divorce: "Abandonment of the wife by the husband or of the husband by the wife, for a longer period of time than one year."

The question of domicile is not in issue. Nevertheless, our statute requires that either party must be a *bona fide* resident of this State for at least two years preceding the commencement of the action. Within the meaning of the statute, a *bona fide* resident is anyone actually domiciled within this State. *Voss v. Voss,* 5 *N. J.* 402, 406 (1950); *Gosschalk v. Gosschalk,* 48 *N. J. Super.* 566, 572–573 (*App. Div.* 1958), affirmed 28 *N. J.* 73 (1958). Although a wife formerly could not have a domicile apart from her husband, now she may acquire one elsewhere by her husband's consent manifested by his abandonment. *Shepherd v. Ward,* 5 *N. J.* 92, 106 (1950). Since the court found that "on February 8, 1957 plaintiff came to Hoboken, New Jersey to live with her children," there was established the fact that

the plaintiff became a New Jersey resident and since she continued so to be for more than two years prior to the institution of this suit, our courts have acquired jurisdiction under the provisions of *N. J. S.* 2A:34-10 (2). Furthermore, we have examined the full trial transcript and we are fully satisfied therefrom that it was established that plaintiff was deserted by defendant and that such desertion was willful, continuous and obstinate for more than the two-year period within the substantive requirements of our statute, *N. J. S.* 2A:34-2 (b). If there is any doubt as to whether the trial judge so found, we herewith expressly make that finding in the exercise of our power to do so. *R. R.* 1:5-4 made applicable to the Appellate Division by *R. R.* 2:5.

As noted above, however, the trial judge construed paragraph 2 of *N. J. S.* 2A:34-10 to negate New Jersey jurisdiction if any requisites of a New Jersey cause of action for divorce for desertion were not also requisites for a divorce on that ground in the jurisdiction where the plaintiff resided when the cause of action arose. In this it is evident there was error. It is merely necessary, in that regard, as we view the intent of the statute, that the specific facts constituting the cause of action pleaded should not only be such as suffice substantively to establish a cause of action under our statute, but such as would also enable the party to procure a divorce on the same pleading in the jurisdiction whence he came. See *Adler v. Adler,* 110 *N. J. Eq.* 381, 383 (*Ch.* 1932). It matters not that our requirements for a divorce on grounds of desertion may be more stringent or burdensome than those which suffice in the jurisdiction of the parties' origin. The purpose of inserting this provision in the statute was to prevent persons resident of states which did not allow divorces for desertion, either at all (*e. g.,* New York), or only upon more burdensome requisites than our statute, from migrating here to take advantage of our law. See *Stephenson v. Stephenson,* 102 *N. J. Eq.* 50, 55 (*E. & A.* 1927). That purpose is fully served if the New Jersey statutory requirements are met, even though the requirements of the jurisdiction of origin are less burdensome than ours.

The facts constituting the cause of action pleaded and proven below by plaintiff would have sufficed to obtain her a divorce under the Puerto Rican law. The trial judge did not purport to hold otherwise. Puerto Rican court decisions substantially equate "abandonment" under their law with an attitude and state of mind which is tantamount to "willful, continued and obstinate" desertion under our own. *Gomez v. Trujillo,* 59 *P. R. R.* 470 (*Sup. Ct.* 1941) ; *Mas-Guardiola v. Munoz-Torruellas,* 35 *P. R. R.* 799 (*Sup. Ct.* 1926) ; *Negroni v. Collazo,* 26 *P. R. R.* 85 (*Sup. Ct.* 1918) ; *Moll v. Llompart,* 17 *P. R. R.* 666 (*Sup. Ct.* 1911) ; *Caraballo v. Rio,* 14 *P. R. R.* 1 (*Sup. Ct.* 1908). The facts proven and corroborated at the trial having been such as would have warranted a divorce under Puerto Rican law, it being sufficient to satisfy our own statutory requisite for a divorce for desertion, plaintiff is entitled to a judgment *nisi.* This, of course, for the reasons stated above, does not matter, nor that one year suffices under Puerto Rican law in contrast with the two-year requirement here.

Judgment reversed. The cause is remanded with directions for the entry of a judgment *nisi* in favor of plaintiff.